**CLARKSON LAW FIRM, P.C.**
Ryan J. Clarkson (SBN 257074)
rclarkson@clarksonlawfirm.com
Shireen M. Clarkson (SBN 237882)
sclarkson@clarksonlawfirm.com
Bahar Sodaify (SBN 289730)
bsodaify@clarksonlawfirm.com
Christina N. Mirzaie (SBN 333274)
cmirzaie@clarksonlawfirm.com
22525 Pacific Coast Highway
Malibu, CA 90265
Tel: (213) 788-4050
Fax: (213) 788-4070

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

MATTHEW SINATRO, individually and on behalf of all others similarly situated,

Plaintiff,

v.

DR. HAROLD KATZ, LLC,

Defendant.

Case No.

**CLASS ACTION COMPLAINT**

1. VIOLATION OF CALIFORNIA CONSUMERS LEGAL REMEDIES ACT, CIVIL CODE SECTION 1750, *et seq.*
2. VIOLATION OF CALIFORNIA FALSE ADVERTISING LAW, BUSINESS & PROFESSIONS CODE SECTION 17500, *et seq.*
3. VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW, BUSINESS & PROFESSIONS CODE SECTION 17200, *et seq.*
4. BREACH OF WARRANTY
5. UNJUST ENRICHMENT

Plaintiff Matthew Sinatro ("Plaintiff"), individually and on behalf of all others similarly situated, bring this class action complaint against Dr. Harold Katz, LLC ("Defendant"), and alleges as follows:

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

## SUMMARY OF THE ACTION

1. Defendant's popular oral rinse product, TheraBreath, promises to fight bad breath "for **24** hours," but contrary to its "24 hour" promise, TheraBreath works for, at most, 12 hours. Defendant admits this fact on its back label, noting that TheraBreath must be used twice daily (or every 12 hours) to achieve 24-hour benefits. Despite Defendant's furtive admission that TheraBreath is effective for 12, not 24 hours, Defendant advertises "24 hours" of fresh breath on its front label to differentiate itself from other oral care products, which advertise required use twice daily, or every 12 hours. Defendant's false promise of "24 hours" of fresh breath dupes unsuspecting consumers into believing that Defendant's mouthwash is especially effective (indeed, twice as effective) when, in reality, it is not. A true and correct representation of TheraBreath's deceptive labeling is shown below.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

2. This is a class action lawsuit brought on behalf of all purchasers of all varieties of Defendant's TheraBreath Oral Rinse that claim to be effective for "24 hours," including TheraBreath 24-Hour Fresh Breath Oral Rinse, TheraBreath 24-Hour PLUS Oral Rinse, TheraBreath 24-Hour Fresh Breath Oral Rinse – Icy Mint, TheraBreath 24-Hour Healthy Gums Oral Rinse w/ Added CPC, TheraBreath Healthy Smile Oral Rinse, and TheraBreath 24-Hour Fresh Breath Oral Rinse – Rainforest Mint (the "Product(s)"), sold online and at retail outlets and grocery stores throughout California and the United States.

3. Defendant uniformly advertises that TheraBreath's oral rinse fights bad breath for 24 hours, as indicated on the front label of the TheraBreath's packaging. However, as the Products require use twice daily, or every 12 hours, Defendant realizes a financial windfall by advertising its Products through a "24 Hour" effectiveness scheme which is intended to deceive consumers into purchasing its Products for overstated, illusory benefits.

///

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

**FACTUAL ALLEGATIONS**

4. Defendant prominently claims that the Products "FIGHTS BAD BREATH FOR 24 HOURS" in capitalized and bolded letters on the front label. The number "24" is highlighted in bright green and large font to draw consumers' attention. Contrary to Defendant's front label claim and promise, the back label's small print disclaims that claim and promise, conceding that in order to receive "24 HR fresh breath," consumers must "rinse twice daily after brushing and flossing." In other words, Defendant admits that the fresh breath benefits stated on the front label are only effective for, at most, 12 hours, not 24.

5. Defendant could have easily and truthfully labeled the Products "FIGHTS BAD BREATH FOR 12 HOURS" but failed to do so in order to gain a competitive advantage and mislead consumers regarding the Products.

6. Plaintiff and other consumers of the Products made their purchase decisions in reliance upon Defendant's advertised claims that the Products "FIGHTS BAD BREATH FOR 24 HOURS."

7. Defendant's branding makes every effort to appear credible. Defendant's front label states, "professional formula," "dentist formulated," and showcases the signature of "Dr. Harold Katz." Upon viewing a "Dr. Harold Katz" "professional" and "dentist" formulated Products, which boldly states, "Fights bad breath for 24 hours," consumers believe that this "professional" mouthwash can, in fact, fight bad breath for 24 hours. However, the Products do not work for 24 hours—it is effective, at most, for 12.

8. Defendant's front label "24 hours" claim is followed by an asterisk (*). The asterisk refers to Defendant's back-label disclaimer that the Products are effective for 12, not 24 hours. Plaintiff did not view the back-label disclaimer at time of purchase. Indeed, Plaintiff reasonably and detrimentally relied on the truthfulness of the front label claim.

9. Defendant's back-label disclaimer directly contradicts Defendant's front label claim. Had Defendant sought transparent labeling, Defendant could have advertised its Products with the truth on the front label: the Products fight bad breath for, at most, 12 hours.

///

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

**A. Reasonable Consumers are Deceived by the Products' 24-Hr Label Claim**

10. Consumers are consistently misled into paying more for the Products, reasonably expecting it to work for "24 hours." *See* customer reviews from Amazon.com regarding the Products' deceptive labeling, as Figures 1-14 *infra*.

***Figure 1.***

***Figure 2.***

***Figure 3.***

***Figure 4.***

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

***Figure 5.***

***Figure 6.***

-

***Figure 7.***

***Figure 8.***

***Figure 9.***

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

***Figure 10.***

RL

**Not a good product**

Reviewed in the United States on January 31, 2019

Size: 6 Fl Oz (Pack of 2)

I had heard about the brand and wanted to try the rinse, but after using it twice daily for the past 1+week, I've noticed little difference in my gum health and the breath-freshening effect seems to last 1 hour or so after each rinse, not the 24-hours as advertised on the bottle itself! I should have looked at the critical reviews more before i bought this, because 23% (143/623) of all comments so far have been negative (add mine to the pile). Therabreath customer service seems to write-respond to each comment with a patronizing canned reply, showing their poor customer service. I am disappointed and won't buy it again.

***Figure 11.***

Mike

**Ad is misleading**

Reviewed in the United States on November 25, 2020

Size: 6 Fl Oz (Pack of 2) | **Verified Purchase**

This brand is normally much more expensive than other brands. I think this is so because it has less or no artificial ingredients compared to other brands. I bought this because I saw a YouTube video of the spokesperson biting into an onion and then testing his breath before and after using TheraBreath. Well, I was super excited when I got this. I didn't bite into a whole onion but I had a couple of slivers of onions on my burger. I swished with this mouthwash and a few hours later, I still had that onion smell in my mouth.

The next day I didn't have any onion, and the mouthwash smell wore off after a few hours. So other than a clear liquid mouthwash, I can't find a reason to justify paying so much money for mouthwash.

***Figure 12.***

John Wood

**Not effective**

Reviewed in the United States on March 6, 2020

Size: 6 Fl Oz (Pack of 2) | **Verified Purchase**

Although this mouth wash tastes good, almost too sweet, probably some of the alcohols might taste sweet but on the other hand, it is almost completely ineffective. A few minutes after use the bacteria seem to redevelop, therefore I will not buy this again.

***Figure 13.***

Jooj

**Meh**

Reviewed in the United States on May 13, 2020

Size: 6 Fl Oz (Pack of 2) | **Verified Purchase**

They said it should makes my mouth fresh for 24 h! I didn't see that neither my husband

***Figure 14.***

Rahul Dodhia

**Deceptive marketing**

Reviewed in the United States on October 13, 2019

Size: 6 Fl Oz (Pack of 2) | **Verified Purchase**

Notice The asterisk after "... 24 hours"? The fine print says It's 24 hours if you use it twice a day. So, really, 12 hours. Decent product, otherwise.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

11. Plaintiff and the Class reasonably and detrimentally relied upon the Products' front label "24 hour" fresh breath representation.

12. Plaintiff and the Class would not have purchased the Products, or would have paid significantly less for the Products, had they known that the Products are only effective for 12 hours.

13. Defendant's conduct threatens consumers by using intentionally deceptive and misleading labels. Defendant's conduct also threatens other companies, large and small, who "play by the rules." Defendant's conduct stifles competition, has a negative impact on the marketplace, and reduces consumer choice.

14. There is no practical reason for false labeling and advertising of the Products, other than to mislead consumers as to the actual effectiveness of the Products being purchased by consumers while simultaneously providing Defendant with a financial windfall as a result of a fraudulently-obtained competitive advantage.

**B. Defendant's Competitors Truthfully Label Similar Products**

15. Similar oral rinse products from Defendant's lawfully acting competitors note that their oral rinses are effective for 12 hours, not 24. For example, Colgate Antiplaque Mouthwashes are labeled as "12 HR Protection" on their front labels as shown below.



16. Colgate's product also includes an asterisk directing consumers to the back label. Unlike Defendant's Product, Colgate's asterisk does not contradict its front label claims. Instead, Colgate's back label explains that the product provides protection against plaque and gingivitis germs ***when used after brushing***.[1]

17. Plaintiff makes the allegations herein upon personal knowledge as to himself and his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**C. Defendant's Products are Substantially Similar**

18. Plaintiff Sinatro purchased TheraBreath 24-Hour Fresh Breath Oral Rinse – Icy Mint. The additional Products, TheraBreath 24-Hour Fresh Breath Oral Rinse, TheraBreath 24-Hour PLUS Oral Rinse, TheraBreath 24-Hour Healthy Gums Oral Rinse w/ Added CPC, TheraBreath Healthy Smile Oral Rinse, and TheraBreath 24-Hour Fresh Breath Oral Rinse – Rainforest Mint, are substantially similar to those purchased by Plaintiff. All six products are oral rinses sold by Defendants. All six products are sold under the TheraBreath brand. All six products are sold to consumers with a promise to fight bad breath for "24 hours." All six products are labeled with the same "24 hours" claim, which is presented in the same capitalized and bolded letters. All six products are labeled with the number "24" highlighted in bright green and large font. All six products contain a back label that discloses in small print that in order to receive "24 HR fresh breath," consumers must "rinse twice daily after brushing and flossing." True and correct representations are depicted below.[2]

///

///

///

///

///

[1] *See* Colgate's official website, https://www.colgate.com/en-us/products/mouthwash/ct-pro-shield (front label); CVS website, https://www.cvs.com/shop/colgate-total-12-hour-proshield-mouthwash-prodid-1011616 (back label). Both accessed November 2, 2021.

[2] Statements and images were taken from Defendant's website: https://www.therabreath.com/ (last visited on November 2, 2021).

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265



CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

19. TheraBreath 24-Hour Fresh Breath Oral Rinse, TheraBreath Healthy Smile Oral Rinse, and TheraBreath 24-Hour Fresh Breath Oral Rinse – Rainforest Mint, like the TheraBreath 24-Hours Fresh Breath Oral Rinse – Icy Mint Product purchased by Plaintiff Sinatro, are marketed and sold with the label claims "professional formula" and "dentist formulated." Furthermore, the five additional products share many label claims with the TheraBreath 24-Hours Fresh Breath Oral

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Rinse – Icy Mint Product purchased by Plaintiff Sinatro, including: "FIGHTS BAD BREATH FOR 24 HOURS" and the signature of "Dr. Harold Katz."

**D. Plaintiff Purchased the Misleading and Deceptive Product**

20. Plaintiff made at least one purchase of a bottle of TheraBreath Oral Rinse from a CVS store located in San Francisco, California in Winter 2021. Plaintiff paid approximately $13.00 for the Product.

21. The "FIGHTS BAD BREATH FOR 24 HOURS" representations were and are material to reasonable consumers, including Plaintiff, in making purchasing decisions.

22. Plaintiff relied on Defendant's misrepresentations, described herein, in making the decision to purchase the Product.

23. At the time Plaintiff purchased the Product, Plaintiff did not know, and had no reason to know, that the Product's labeling and advertising was false, misleading, deceptive, and unlawful as set forth herein.

24. Defendant materially misled and failed to adequately inform reasonable consumers, including Plaintiff, that the Products are not effective for 24 hours, as advertised.

25. Plaintiff would not have purchased the Products, or would have purchased it on different terms, if he had known the truth. Accordingly, based on Defendant's material misrepresentations and omissions, reasonable consumers, including Plaintiff, purchased the Products to their detriment.

26. Plaintiff desires and intends to purchase the Product in the future as labeled (i.e., "Fights bad breath for 24 hours") but will not have the specialized knowledge necessary to know whether the Product is truthfully labeled.

**E. No Adequate Remedy At Law**

27. Plaintiff and members of the Class are entitled to equitable relief as no adequate remedy at law exists.

**a. Broader Statutes of Limitations**. The statutes of limitations for the causes of action pled herein vary. The limitations period is four years for claims brought under the UCL, which is one year longer than the statutes of limitations under the FAL and CLRA. In addition, the statutes

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

of limitations vary for certain states' laws for breach of warranty and unjust enrichment/restitution, between approximately 2 and 6 years. Thus, California Subclass members who purchased the Products more than 3 years prior to the filing of the complaint will be barred from recovery if equitable relief were not permitted under the UCL. Similarly, Nationwide Class members who purchased the Products prior to the furthest reach-back under the statute of limitations for breach of warranty, will be barred from recovery if equitable relief were not permitted for restitution/unjust enrichment.

**b. Broader Scope of Conduct**. In addition, the scope of actionable misconduct under the unfair prong of the UCL is broader than the other causes of action asserted herein. It includes, for example, Defendant's overall unfair marketing scheme to promote and brand the Products with the challenged "24-hr" representation, across a multitude of media platforms, including the Products' labels and packaging, over a long period of time, in order to gain an unfair advantage over competitor products and to take advantage of consumers' desire for products that comport with the challenged representation. The UCL also creates a cause of action for violations of law (such as statutory or regulatory requirements and court orders related to similar representations and omissions made on the type of products at issue). Thus, Plaintiff and Class members may be entitled to restitution under the UCL, while not entitled to damages under other causes of action asserted herein (e.g., the FAL requires actual or constructive knowledge of the falsity; the CLRA is limited to certain types of plaintiffs (an individual who seeks or acquires, by purchase or lease, any goods or services for personal, family, or household purposes) and other statutorily enumerated conduct). Similarly, unjust enrichment/restitution is broader than breach of warranty. For example, in some states, breach of warranty may require privity of contract or pre-lawsuit notice, which are not typically required to establish unjust enrichment/restitution. Thus, Plaintiff and Class members may be entitled to recover under unjust enrichment/restitution, while not entitled to damages under breach of warranty, because they purchased the products from third-party retailers or did not provide adequate notice of a breach prior to the commencement of this action.

**c. Injunctive Relief to Cease Misconduct and Dispel Misperception.** Injunctive relief is appropriate on behalf of Plaintiff and members of the Class because Defendant continues to

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

misrepresent the Products with the challenged representation. Injunctive relief is necessary to prevent Defendant from continuing to engage in the unfair, fraudulent, and/or unlawful conduct described herein and to prevent future harm—none of which can be achieved through available legal remedies (such as monetary damages to compensate past harm). Further, injunctive relief is necessary to dispel the public misperception about the Products that has resulted from Defendant's unfair, fraudulent, and unlawful marketing efforts. Such disclosures would include, but are not limited to, publicly disseminated statements that the Products challenged representation is not true and providing accurate information about the Products' true nature; and/or requiring prominent qualifications and/or disclaimers on the Products' front label concerning the Products' true nature. An injunction requiring affirmative disclosures or removal of the challenged representation to dispel the public's misperception, and prevent the ongoing deception and repeat purchases based thereon, is also not available through a legal remedy (such as monetary damages). In addition, Plaintiff is currently unable to accurately quantify the damages caused by Defendant's future harm, because discovery and Plaintiff's investigation have not yet completed, rendering injunctive relief all the more necessary. For example, because the court has not yet certified any class, the following remains unknown: the scope of the class, the identities of its members, their respective purchasing practices, prices of past/future Product sales, and quantities of past/future Product sales.

**d. Public Injunction**. Further, because a "public injunction" is available under the UCL, damages will not adequately "benefit the general public" in a manner equivalent to an injunction.

**e. California vs. Nationwide Class Claims**. Violation of the UCL, FAL, and CLRA are claims asserted on behalf of Plaintiff and the California Subclass against Defendant, while breach of warranty and unjust enrichment/restitution are asserted on behalf of Plaintiff and the Nationwide Class. Dismissal of farther-reaching claims, such as restitution, would bar recovery for non-California members of the Class. In other words, legal remedies available or adequate under the California-specific causes of action (such as the UCL, FAL, and CLRA) have no impact on this Court's jurisdiction to award equitable relief under the remaining causes of action asserted on behalf of non-California putative class members.

///

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

**f. Procedural Posture—Incomplete Discovery & Pre-Certification**. Lastly, this is an initial pleading in this action and discovery has not yet commenced and/or is at its initial stages. No class has been certified yet. No expert discovery has commenced and/or completed. The completion of fact/non-expert and expert discovery, as well as the certification of this case as a class action, are necessary to finalize and determine the adequacy and availability of all remedies, including legal and equitable, for Plaintiff's individual claims and any certified class or subclass. Plaintiff therefore reserves Plaintiff's right to amend this complaint and/or assert additional facts that demonstrate this Court's jurisdiction to order equitable remedies where no adequate legal remedies are available for either Plaintiff and/or any certified class or subclass. Such proof, to the extent necessary, will be presented prior to the trial of any equitable claims for relief and/or the entry of an order granting equitable relief.

## JURISDICTION

28. This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d), because the proposed Class consists of 100 or more members; the amount in controversy exceeds $5,000,000, exclusive of costs and interest; and minimal diversity exists. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

29. Venue is proper in this District under 28 U.S.C. § 1391 because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District. In addition, Plaintiff purchased the unlawful Product in this District, and Defendant has marketed, advertised, and sold the Product within this District.

## PARTIES

### A. Plaintiff

30. Plaintiff Matthew Sinatro is, and at all times relevant hereto was, a citizen of California. Plaintiff purchased TheraBreath Oral Rinse at a CVS store in San Francisco, CA in Winter 2021. Plaintiff paid approximately $13.00 per bottle. In making his purchase, Plaintiff relied upon the claims made on the front label of the Product, including the "FIGHTS BAD BREATH

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

FOR 24 HOURS" claim, which was prepared and approved by Defendant and its agents and disseminated statewide and nationwide, as well as designed to encourage consumers to purchase the Product. If Plaintiff had known that the Product was in fact only effective for 12 hours, he would not have purchased the Product, or would have paid significantly less for the Product. Plaintiff desires and intends to purchase the Product in the future as labeled but will not have the specialized knowledge to know whether the Product is truthfully labeled.

**B. Defendant**

31. Dr. Harold Katz, LLC is a limited liability company headquartered in Los Angeles, California. Dr. Harold Katz, LLC maintains its principal business office at 5802 Willoughby, Los Angeles, California. Dr. Harold Katz, LLC, directly and through its agents, has substantial contacts with and receives substantial benefits and income from and through the State of California. Dr. Harold Katz, LLC is the owner, manufacturer, and distributor of the Products, and is the company that created and/or authorized the false, misleading, and deceptive packaging for the Products.

**CLASS ACTION ALLEGATIONS**

32. Plaintiff brings this action as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of himself and all others similarly situated, and as members of the Classes defined as follows:

> All residents of the United States who, within the applicable statute of limitations periods, purchased the Products ("Nationwide Class"); or in the alternative;
>
> All residents of California who, within four years prior to the filing of this Complaint, purchased the Products ("California Subclass").

("Nationwide Class" and "California Subclass," collectively, "Class").

33. Excluded from the Class are: (i) Defendant, its assigns, successors, and legal representatives; (ii) any entities in which Defendant has controlling interests; (iii) federal, state, and/or local governments, including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections, groups, counsels, and/or subdivisions; (iv) all persons presently in bankruptcy proceedings or who obtained a bankruptcy discharge in the last three years; and (v) any

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

judicial officer presiding over this matter and person within the third degree of consanguinity to such judicial officer.

34. Plaintiff reserves the right to amend or otherwise alter the class definitions presented to the Court at the appropriate time in response to facts learned through discovery, legal arguments advanced by Defendant, or otherwise.

35. This action is properly maintainable as a class action pursuant to Federal Rule of Civil Procedure 23 for the reasons set forth below.

36. **Numerosity**: Members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, the Nationwide Class consists of tens of thousands of purchasers (if not more) dispersed throughout the United States, and the California Subclass likewise consists of thousands of purchasers (if not more) dispersed throughout the State of California. Accordingly, it would be impracticable to join all members of the Class before the Court.

37. **Common Questions Predominate**: There are numerous and substantial questions of law or fact common to all members of the Class that predominate over any individual issues. Included within the common questions of law or fact are:

a. Whether Defendant's conduct constitutes an unfair method of competition, or unfair or deceptive act or practice, in violation of Civil Code section 1750, *et seq*.;

b. Whether Defendant used deceptive representations in connection with the sale of the Products in violation of Civil Code section 1750, *et seq*.;

c. Whether Defendant represented the Products have characteristics or quantities that it does not have in violation of Civil Code section 1750, *et seq*.;

d. Whether Defendant advertised the Products with intent not to sell them as advertised in violation of Civil Code section 1750, *et seq*.;

e. Whether Defendant's labeling and advertising of the Products are untrue or misleading in violation of Business and Professions Code section 17500, *et seq*.;

f. Whether Defendant knew or by the exercise of reasonable care should have known its labeling and advertising was and is untrue or misleading in violation of Business and Professions Code section 17500, *et seq*.;

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

g. Whether Defendant's conduct is an unfair business practice within the meaning of Business and Professions Code section 17200, *et seq*.;

h. Whether Defendant's conduct is a fraudulent business practice within the meaning of Business and Professions Code section 17200, *et seq*.;

i. Whether Defendant's conduct is an unlawful business practice within the meaning of Business and Professions Code section 17200, *et seq*.;

j. Whether Defendant was unjustly enriched at the expense of Plaintiff and the Class members;

k. Whether Defendant breached an express/implied warranty to Plaintiff and Class members;

l. Whether Plaintiff and the Class paid more money for the Products than they actually received; and

m. How much money Plaintiff and the Class paid for the Products than they actually received.

38. **Typicality**: Plaintiff's claims are typical of the claims of the Class Members he seeks to represent because Plaintiff, like the Class Members, purchased Defendant's misleading and deceptive Products. Defendant's unlawful, unfair and/or fraudulent actions concern the same business practices described herein irrespective of where they occurred or were experienced. Plaintiff and the Class sustained similar injuries arising out of Defendant's conduct. Plaintiff's and Class Members' claims arise from the same practices and course of conduct and are based on the same legal theories.

39. **Adequacy**: Plaintiff is an adequate representative of the Class he seeks to represent because his interests do not conflict with the interests of the Class Members Plaintiff seeks to represent. Plaintiff will fairly and adequately protect Class Members' interests and has retained counsel experienced and competent in the prosecution of complex class actions, including complex questions that arise in consumer protection litigation.

40. **Superiority and Substantial Benefit:** A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of

the Class is impracticable and no other group method of adjudication of all claims asserted herein

is more efficient and manageable for at least the following reasons:

      a.    The claims presented in this case predominate over any questions of law or fact, if any exist at all, affecting any individual member of the Class;

      b.    Absent a Class, the members of the Class will continue to suffer damage and Defendant's unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

      c.    Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

      d.    When the liability of Defendant has been adjudicated, claims of all members of the Class can be administered efficiently and/or determined uniformly by the Court; and

      e.    This action presents no difficulty that would impede its management by the Court as a class action, which is the best available means by which Plaintiff and Class Members can seek redress for the harm caused to them by Defendant.

41.    Because Plaintiff seeks relief for all members of the Class, the prosecution of

separate actions by individual members would create a risk of inconsistent or varying adjudications

with respect to individual members of the Class, which would establish incompatible standards of

conduct for Defendant.

42.    The prerequisites to maintaining a class action for injunctive or equitable relief

pursuant to Fed. R. Civ. P. 23(b)(2) and for restitution pursuant to Fed. R. Civ. P. 23(b)(3) are met

as Defendant has acted or refused to act on grounds generally applicable to the Class, thereby

making appropriate final injunctive or equitable relief, and restitution, with respect to the Class as

a whole.

43.    Plaintiff and Plaintiff's counsel are unaware of any difficulties that are likely to be

encountered in the management of this action that would preclude its maintenance as a class action.

///

///

///

///

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

**COUNT ONE**

**Violation of California Consumers Legal Remedies Act,**

**California Civil Code Section 1750, *et seq.***

**(*On Behalf of the California Subclass*)**

44. Plaintiff repeats and realleges all allegations of the previous paragraphs and incorporates the same as if set forth herein at length.

45. Plaintiff brings this cause of action pursuant to Civil Code section 1750, *et seq*., the Consumers Legal Remedies Act ("CLRA"), individually and on behalf of the Class.

46. The Class consists of thousands of persons, the joinder of whom is impracticable.

47. There are questions of law and fact common to the Class, which questions are substantially similar and predominate over questions affecting the individual Class members, including but not limited to those questions listed in Paragraph 35, above.

48. The CLRA prohibits certain "unfair methods of competition and unfair or deceptive acts or practices" in connection with a sale of goods.

49. The practices described herein, specifically Defendant's packaging, advertising, and sale of the Products, were intended to result and did result in the sale of the Products to the consuming public and violated and continues to violate the CLRA by (1) using deceptive representations in connection with the Products; and (2) advertising and packaging the Products with intent not to sell them as advertised.

50. Defendant fraudulently deceived Plaintiff and the Class by misrepresenting the Products as having characteristics which it does not have, i.e., advertising the Products in such a way to represent it as having the ability to fight bad breath for 24 hours, when it is truly only effective for 12 hours. In doing so, Defendant intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

51. Defendant fraudulently deceived Plaintiff and the Class by labeling and advertising the Products with intent not to sell it as advertised. Specifically, Defendant intentionally labeled and misrepresented the Products as being able to fight bad breath for 24 hours. In doing so, Defendant

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

intentionally misrepresented and concealed material facts from Plaintiff and the Class. Said misrepresentations and concealment were done with the intention of deceiving Plaintiff and the Class and depriving them of their legal rights and money.

52. Defendant knew or should have known, through the exercise of reasonable care, that the Products' labeling and advertising was misleading.

53. Defendant's actions as described herein were done with conscious disregard of Plaintiff's rights, and Defendant was wanton and malicious in its concealment of the same.

54. Defendant's labeling and advertising of the Products were material factors in Plaintiff's and the Class's decisions to purchase the Products. Based on Defendant's labeling and advertising of the Products, Plaintiff and the Class reasonably believed that they were purchasing a product that possessed the ability to fight bad breath for 24 hours. In actuality, the Products is only effective for 12 hours. Had they known the truth of the matter, Plaintiff and the Class would not have purchased the Products.

55. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair, unlawful, and fraudulent conduct. Specifically, Plaintiff and the Class paid for a product that was different from what they were reasonably expecting to receive when they decided to make their respective purchases. Plaintiff and the Class would not have purchased the Products had they known that it was only effective for 12 hours and not the advertised 24 hours.

56. Defendant's false and misleading labeling and advertising should be enjoined due to its false, misleading, and/or deceptive nature.

57. By letter dated April 5, 2021, Plaintiff advised Defendant of its false and misleading claims pursuant to California Civil Code Section 1782(a).

**<u>COUNT TWO</u>**

**Violation of California False Advertising Law,**

**Business & Professions Code Section 17500, *et seq.***

**(*On Behalf of the California Subclass*)**

58. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs and incorporates the same as if set forth herein at length.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

59. Plaintiff brings this cause of action pursuant to Business and Professions Code section 17500, *et seq*., individually and on behalf of the Class.

60. California's False Advertising Law, California Business and Professions Code section 17500, *et seq*., makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, in any advertising device or in any other manner or means whatever, including over the Internet, any statement, concerning personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

61. Defendant knowingly disseminated misleading claims regarding the effectiveness of the Products as a means to mislead the public about the duration of fresh breath their oral rinse can provide compared to competitors.

62. Defendant controlled the labeling, packaging, production, and advertising of the Products. It knew or should have known, through the exercise of reasonable care, that its representations about the effectiveness of the Products were untrue, deceptive, and misleading.

63. The general public bases its purchasing decisions on labeling claims on the Products' packaging. Consumers generally do not look, and are not required to look, at any back label information, such as disclaimers, to correct or clarify the claims on the front label or for any other reason. Instead, the general public chooses the Products because the front label leads them to believe that they are receiving an oral rinse capable of fighting bad breath for 24 hours, not merely 12 hours.

64. Defendant's action of displaying untrue claims about the effectiveness of the Products in prominent type face on each Products' front label is likely to deceive the general public.

65. Defendant's actions in violation of Section 17500 were false and misleading such that the general public is and was likely to be deceived.

66. Pursuant to Business and Professions Code section 17535, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of falsely advertising that the Products "fights bad breath for 24 hours."

67. Plaintiff and the Class have suffered injury in fact and have lost money as a result of

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Defendant's false representations. Plaintiff and the Class purchased the Products in reliance upon the claims by Defendant that the Products "FIGHTS BAD BREATH FOR 24 HOURS" as represented by Defendant's labeling and advertising. Plaintiff would not have purchased the Products if he had known that the claims and advertising as described herein were false and misleading.

**COUNT THREE**

**Violation of California Unfair Competition Law,**

**Business & Professions Code Section 17200, *et seq.***

**(*On Behalf of the California Subclass*)**

68. Plaintiff repeats and realleges the allegations set forth above and incorporates the same as if set forth herein at length.

69. Plaintiff brings this cause of action pursuant to Business and Professions Code § 17200, *et seq*., individually and on behalf the Class.

70. The UCL prohibits "any unlawful, unfair... or fraudulent business act or practice." Cal. Bus & Prof. Code § 17200.

**A. "Unfair" Prong**

71. Under California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq.*, a challenged activity is "unfair" when "any injury it causes outweighs any benefits provided to consumers and the injury is one that the consumers themselves could not reasonably avoid." *Camacho v. Auto Club of Southern California*, 142 Cal. App. 4th 1394, 1403 (2006).

72. Defendant's advertising and labeling of the Products as an oral rinse that "FIGHTS BAD BREATH FOR 24 HOURS" is false, misleading, and deceptive.

73. Defendant's false advertising of the Products causes injuries to consumers, who do not receive an oral rinse that is effective for 24 hours in proportion to their reasonable expectations.

74. Through false, misleading, and deceptive labeling of the Products, Defendant seeks to take advantage of consumers' desires for an oral rinse that outlasts its competitors, while reaping the financial benefits of manufacturing a product that is in fact no more effective than its competitors.

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

75. When Defendant claims the Products "FIGHTS BAD BREATH FOR 24 HOURS," it provides false promises to consumers and stifles competition in the marketplace.

76. Consumers cannot avoid any of the injuries caused by Defendant's false and misleading advertising of the Products.

77. Some courts conduct a balancing test to decide if a challenged activity amounts to unfair conduct under California Business and Professions Code Section 17200. The courts "weigh the utility of the Defendant's conduct against the gravity of the harm alleged to the victim." *Davis v. HSBC Bank Nevada, N.A.*, 691 F. 3d 1152, 1169 (9th Cir. 2012).

78. Defendant's false promise results in financial harm to consumers. Thus, the utility of Defendant's conduct is vastly outweighed by the gravity of its harm.

79. Some courts require that "unfairness must be tethered to some legislative declared policy or proof of some actual or threatened impact on competition." *Lozano v. AT&T Wireless Servs. Inc.*, 504 F. 3d 718, 735 (9th Cir. 2007).

80. Defendant's advertising of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable, and constitutes unfair conduct.

81. Defendant knew or should have known of its unfair conduct.

82. As alleged in the preceding paragraphs, the material misrepresentations by Defendant detailed above constitute an unfair business practice within the meaning of California Business & Professions Code § 17200.

83. There were reasonably available alternatives to further Defendant's legitimate business interests other than the conduct described herein. Defendant could have marketed the Products without making any false statements about the Products' falsely advertised effectiveness or duration of ability to fight bad breath.

84. All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

85. Pursuant to Business & Professions Code Section 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

of false and deceptive advertising of the Products. Likewise, Plaintiff and the Class seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

86. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unfair conduct. Plaintiff paid an unwarranted premium for the Products. Plaintiff would not have purchased the Products if he had known that the Products was only effective in fighting bad breath for 12 hours.

**B. "Fraudulent" Prong**

87. California Business and Profession Code § 17200, *et seq*. considers conduct fraudulent and prohibits said conduct if it is likely deceive members of the public. *Bank of the West v. Superior Court*, 2 Cal. 4th 1254, 1267 (1992).

88. Defendant's advertising of the Products as an oral rinse that "FIGHTS BAD BREATH FOR 24 HOURS" is likely to deceive members of the public into believing that the Products are capable of fighting bad breath for 24 hours with just one use, when the Products actually needs to be used once every 12 hours to have this effect.

89. Defendant's advertising of the Products, as alleged in the preceding paragraphs, is false, deceptive, misleading, and unreasonable and constitutes fraudulent conduct.

90. Defendant knew or should have known of its fraudulent conduct.

91. As alleged in the preceding paragraphs, the material misrepresentations and omissions by Defendant detailed above constitutes a fraudulent business practice in violation of California Business & Professions Code Section 17200.

92. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein. Defendant could have labeled the Products, as do its competitors, to indicate that it is effective for 12 hours.

93. All of the conduct alleged herein occurs and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

repeated on thousands of occasions daily.

94. Pursuant to Business & Professions Code Section 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of false and deceptive advertising of the Products. Likewise, Plaintiff and the Class seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

95. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's fraudulent conduct. Plaintiff paid an unwarranted premium for the Products. Plaintiff would not have purchased the Products if he had known that the Products were only effective in fighting bad breath for 12 hours.

**C. "Unlawful" Prong**

96. California Business and Professions Code Section 17200, *et seq.*, identifies violations of other laws as "unlawful practices that the unfair competition law makes independently actionable." *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1068 (C.D. Cal. 2008).

97. Defendant's advertising of the Products, as alleged in the preceding paragraphs, violates California Civil Code Section 1750, *et seq.*, California Business and Professions Code Section 17500, *et seq.*

98. Defendant's packaging, labeling, and advertising of the Products, as alleged in the preceding paragraphs, are false, deceptive, misleading, and unreasonable, and constitute unlawful conduct.

99. Defendant knew or should have known of its unlawful conduct.

100. As alleged in the preceding paragraphs, the misrepresentations by Defendant detailed above constitute an unlawful business practice within the meaning of California Business and Professions Code Section 17200.

101. There were reasonably available alternatives to further Defendant's legitimate business interests other than the conduct described herein. Defendant could have advertised, as its

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

competitors do, that the Products fights bad breath for 12 hours.

102. All of the conduct alleged herein occurred and continues to occur in Defendant's business. Defendant's wrongful conduct is part of a pattern or generalized course of conduct repeated on thousands of occasions daily.

103. Pursuant to Business and Professions Code Section 17203, Plaintiff and the Class seek an order of this Court enjoining Defendant from continuing to engage, use, or employ its practice of false and deceptive advertising of the Products. Likewise, Plaintiff and the Class seek an order requiring Defendant to disclose such misrepresentations, and additionally request an order awarding Plaintiff restitution of the money wrongfully acquired by Defendant by means of responsibility attached to Defendant's failure to disclose the existence and significance of said misrepresentations in an amount to be determined at trial.

104. Plaintiff and the Class have suffered injury in fact and have lost money as a result of Defendant's unlawful conduct. Plaintiff paid an unwarranted premium for the Products. Plaintiff would not have purchased the Products if he had known that the Products is only effective for 12 hours.

**COUNT FOUR**

**Breach of Warranty**

**(*On Behalf of the Nationwide Class and California Subclass*)**

105. Plaintiff repeats and realleges all allegations of the previous paragraphs and incorporates the same as if set forth herein at length.

106. Defendant expressly warrants that the Products "FIGHTS BAD BREATH FOR 24 HOURS," as set forth above. Defendant's claim constitutes an affirmation of fact, promise, and/or description of the goods that became part of the basis of the bargain and created an express warranty that the goods would conform to the stated promise. Plaintiff placed importance on Defendant's claims.

107. All conditions precedent to Defendant's liability under this contract have been performed by Plaintiff and the Class.

108. Defendant breached the terms of the contract, including the express warranties, with

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

Plaintiff and the Class by not providing Products that conform to their advertising and label claims.

109. As a result of Defendant's breach of contract, Plaintiff and the Class have been damaged in an amount to be determined at trial.

110. Defendant has also breached implied warranty of merchantability. By advertising and selling the Products at issue, Defendant, a merchant of goods, made promises and affirmations of fact that the Products are merchantable and conform to the promises or affirmations of fact made on the Products' packaging and labeling, and through its marketing and advertising, as described herein. This labeling and advertising, combined with the implied warranty of merchantability, constitute warranties that became part of the basis of the bargain between Plaintiff and members of the Class and Defendant---to wit, that the Products, among other things, conform to the challenged representations.

111. Contrary to Defendant's warranties, the Products do not conform to the challenged representations and, therefore, Defendant breached its warranties about the Products and their qualities.

112. As a direct and proximate result of Defendant's breach of warranty, Plaintiff and members of the Class were harmed in the amount of the purchase price they paid for the Products. Further, Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for breach of warranty in the form of damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the Class for said monies, as well as injunctive relief to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

## COUNT FIVE

### Unjust Enrichment/Restitution

**(*On Behalf of the Nationwide Class and California Subclass*)**

113. Plaintiff repeats and realleges the allegations set forth above and incorporates the same as if set forth herein at length.

114. By means of Defendant's wrongful conduct alleged herein, Defendant knowingly sold the Products to Plaintiff and members of the Class in a manner that was unfair, unconscionable, and oppressive.

115. Defendant knowingly received and retained wrongful benefits and funds from Plaintiff and members of the Class. In so doing, Defendant acted with conscious disregard for the rights of Plaintiff and members of the Class.

116. As a result of Defendant's wrongful conduct as alleged herein, Defendant has been unjustly enriched at the expense of, and to the detriment of, Plaintiff and members of the Class.

117. Defendant's unjust enrichment is traceable to, and resulted directly and proximately from, the conduct alleged herein.

118. Plaintiff and members of the Class have suffered and continue to suffer economic losses and other damages including, but not limited to, the amounts paid for the Products, and any interest that would have accrued on those monies, in an amount to be proven at trial. Accordingly, Plaintiff seeks a monetary award for unjust enrichment in damages, restitution, and/or disgorgement of ill-gotten gains to compensate Plaintiff and the Class for said monies, as well as injunctive relief to enjoin Defendant's misconduct to prevent ongoing and future harm that will result.

119. Under the common law doctrine of unjust enrichment, it is inequitable for Defendant to be permitted to retain the benefits it received, without justification, from selling the Products to Plaintiff and members of the class in an unfair, unconscionable, and oppressive manner. Defendant's retention of such funds under such circumstances making it inequitable to retain the funds constitutes unjust enrichment.

120. The financial benefits derived by Defendant rightfully belong to Plaintiff and members of the Class. Defendant should be compelled to return in a common fund for the benefit of Plaintiff and members of the Class all wrongful or inequitable proceeds received by Defendant.

121. Plaintiff and members of the Class have no adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and on behalf of the Class defined herein, prays for judgment and relief on all Causes of Action as follows:

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265

a. **Certification:** For an order certifying this action as a class action, appointing Plaintiff as the Class Representative, and appointing Plaintiff's Counsel as Class Counsel;

b. **Declaratory Relief:** For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

c. **Injunction:** For an order enjoining Defendant from continuing to market, advertise, distribute, and sell the Products in the unlawful manner described herein; and requiring all further and just corrective action, consistent with permissible law and pursuant to only those causes of action so permitted;

d. **Damages/Restitution/Disgorgement:** For an order awarding monetary compensation in the form of damages, restitution, and/or disgorgement to Plaintiff and the Class, consistent with permissible law and pursuant to only those causes of action so permitted;

e. **Attorneys' Fees & Costs:** For an order awarding attorneys' fees and costs, consistent with permissible law and pursuant to only those causes of action so permitted;

f. **Pre/Post-Judgment Interest:** For an order awarding pre-judgment and post-judgment interest, consistent with permissible law and pursuant to only those causes of action so permitted; and

g. **All Just & Proper Relief:** For such other and further relief as the Court deems just and proper.

**JURY TRIAL DEMANDED**

Plaintiff demands a jury trial on all triable issues.

DATED: November 2, 2021

**CLARKSON LAW FIRM, P.C.**

_/s/ Bahar Sodaify__________
Ryan J. Clarkson, Esq.
Shireen M. Clarkson, Esq.
Bahar Sodaify, Esq.
Christina N. Mirzaie, Esq.

*Attorneys for Plaintiff*

CLARKSON LAW FIRM, P.C.
22525 Pacific Coast Highway
Malibu, CA 90265